**Sokhom PICH; Sengleap Sok, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–74484.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 18, 2009.*

Filed March 2, 2009.

Robert G. Ryan, Esq., Law Offices of Eugene C. Wong, PC, San Francisco, CA, for Petitioners.

Ronald E. LeFevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Sarah Y. Vogel, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

## MEMORANDUM **

Sokhom Pich and Sengleap Sok, natives and citizens of Cambodia, petition for re-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

view of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005), we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination where the discrepancies between petitioners' asylum application and Pich's testimony and declaration go to the heart of their claim. *See Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir.2006) (an adverse credibility ground "goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled"). Accordingly, their asylum and withholding of removal claims fail. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1254–55 (9th Cir.2003).

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to establish that it is more likely than not that they would be tortured if removed to Cambodia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**